FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 11 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SHAQUAN BROWN,

    Petitioner,

- against -

F. WILLIAMS, Warden, OBCC,

    Respondent.
----------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-750 (AMD)(LB)

**ANN M. DONNELLY, United States District Judge:**

On February 4, 2019, the *pro se* petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) He makes claims about the state prosecution against him in New York County, and his pretrial detention at Rikers Island jail. The petitioner argues that he is entitled to relief in this Court because the state prosecutor did not comply with state law in resubmitting the indictment. (ECF No. 1 ¶ 6, 13.) He seeks dismissal of his state court criminal case or release on his own recognizance.[2] For the reasons that follow, the writ is denied, and the petition is dismissed.

## DISCUSSION

Federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas corpus review. 28 U.S.C. § 2241(c)(3). Section 2241 relief is available to state pre-trial detainees who assert that their custody violates the Constitution or federal law. *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *1 (E.D.N.Y. May 29, 2012) (holding that habeas petition challenging pre-trial confinement is

---

[1] On March 12, 2019, the petitioner also submitted a request to proceed *in forma pauperis*. (ECF No. 5.)

1

properly brought under § 2241 rather than § 2254) (citing *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at * 5 (S.D.N.Y. Oct. 18, 2011)).

However, petitioners in federal court must exhaust available state court or administrative remedies before seeking any relief pursuant to Section 2241 in federal court. *Id.* (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632–34 (2d Cir. 2001) and *U.S. ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("decisional law has superimposed such a[n exhaustion] requirement in order to accommodate principles of federalism.")). A petitioner who has not exhausted available state court remedies may seek a writ of habeas corpus under § 2241 only if he establishes that (1) there was cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) failure to consider his claims will result in a fundamental miscarriage of justice. *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Carmona*, 243 F.3d at 633.

The petitioner does not assert that he sought relief in state court or appealed any state court decision; therefore, he has not exhausted state court remedies. (ECF No. 1.) Nor has he asserted any cause for his failure to exhaust state court remedies, that he has been prejudiced by the alleged violation of his due process rights, or that this Court's failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, his petition must be denied without prejudice. *See Robinson*, 2012 WL 1965631, at *2

Even if the petitioner had exhausted all state court remedies on this particular issue, I could not consider his petition because there is an ongoing criminal proceeding against him in

---

[2] It appears from the criminal docket that the petitioner pled guilty on June 13, 2018, and is awaiting sentencing. N.Y. Crim. Ct., Case No. 00034-2018.

2

state court; in that proceeding, he will have the opportunity to raise constitutional challenges to his confinement. "The habeas corpus statute . . . cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Allen v. Maribal*, 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)); *see also Younger v. Harris*, 401 U.S. 37 (1971) (federal courts cannot intervene in ongoing criminal proceedings except in extraordinary circumstances and upon clear showing of great and immediate harm). The petitioner has not demonstrated any extraordinary circumstances that would allow me to intervene in his ongoing state court criminal case. *See Allen*, 2011 WL 3162675, at *1.

## CONCLUSION

The petition is dismissed and the writ is denied. The petitioner has not made a substantial showing his constitutional rights were denied, so a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 11, 2019